UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

_____

|  |  |  |
|---|---|---|
| MID ATLANTIC CRYO THERAPY<br>ASSOCIATES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:11-cv-1371-MJG |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| GALIL MEDICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

Defendant, Galil Medical, Inc. ("Galil"), by and through its attorneys, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., hereby responds to the Complaint filed by Plaintiff Mid Atlantic Cryo Therapy Associates, LLC ("MACT") and respectfully submits the following Answer and Affirmative Defenses, stating as follows:

Except as specifically admitted, qualified, or otherwise answered herein, Galil denies each allegation in the Complaint.

## I. PARTIES

1.      Galil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies them.

2.      Galil admits Paragraph 2, except its principal place of business is in Arden Hills, Minnesota.

3.      Answering Paragraph 3, Galil admits that jurisdiction existed in the Circuit Court for Baltimore County under Maryland's long-arm statute.  In addition, Galil affirmatively states that jurisdiction in this Court is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446, as further explained in the Notice of Removal.  Galil denies the remaining allegations in Paragraph 3.

## II. FACTUAL BACKGROUND

4.      Answering Paragraph 4, Galil admits, on information and belief, that MACT owns and operates medical device systems and equipment used by physicians to perform cryoablation procedures.  Galil admits that cryoablation involves the destruction of benign and cancerous tumors through repetitive freezing and thawing.  Galil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, on that basis, denies them.

5.      Galil admits Paragraph 5.

6.      Answering Paragraph 6, Galil is without knowledge or information sufficient to confirm or deny the specific number of SeedNet Cryoablation Systems and Presice Cryoablation Systems that MACT purchased from Galil between 2002 and 2007.   The terms of such purchases are reflected in the invoices.  Galil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, on that basis, denies them.

7.      Answering Paragraph 7, Galil admits that the recommended use of the SeedNet and Presice cryoablation systems requires the use of specialized, disposable needles manufactured by Galil.  Galil admits that, for cryoablation procedures, small diameter needles afford a higher level of control and decrease complication rates and recovery time as compared to larger diameter needles.  Galil denies the remaining allegations in Paragraph 7.

8.      Galil denies Paragraph 8.   The written quotations Galil provided MACT pertaining to the sale of Galil cryoablation systems speak for themselves and state only that the

cryoablation systems' "freeze and thaw processes are administered via patented, ultra-fine, 17-gauge (1.47 mm diameter) cryosurgical needles."

9.      Galil denies Paragraph 9.

10.     Answering Paragraph 10, Galil is without knowledge or information sufficient to admit or deny specific allegations regarding MACT's marketing and training programs. However, Galil states that it develops, provides, and funds training on its systems and has conducted workshops to train physicians.  Physicians trained at these workshops have included customers of and physician investors in MACT, as well as physicians from other regions of the United States.

11.     Answering Paragraph 11, Galil admits only that, to the extent MACT provided or used the SeedNet or Presice systems and corresponding Galil disposable needles for cryoablation procedures, such use of the SeedNet or Presice systems was likely to be mutually beneficial for both MACT and Galil.

12.     Answering Paragraph 12, Galil admits only that MACT placed multiple purchase orders for Galil products between 2002 and 2010.

13.     Answering Paragraph 13, Galil admits, on information and belief, that MACT was bought by Healthtronics, Inc. in January 2011.  Galil further admits, on information and belief, that Healthtronics, Inc. owns a manufacturer of cryoablation technology that competes directly with Galil with respect to cryoablation systems.  Galil admits that, after learning of Healthtronics, Inc.'s purchase of MACT, Galil made a business decision to discontinue selling products to MACT.  Galil is without knowledge or information sufficient to form a belief as to MACT's opinion about its continued ability to serve its customers.  Galil denies all remaining allegations in Paragraph 13.

14.     Answering Paragraph 14, Galil admits only to having employed Nathan Richards, a former MACT employee, from February 10, 2011 until February 23, 2011.  Galil denies all other allegations in Paragraph 14.

15.     Galil denies Paragraph 15.

16.     Answering Paragraph 16, Galil admits that it terminated Nathan Richards' employment after learning of Mr. Richards' non-compete and receiving MACT's threat of legal action regarding the alleged violation of the non-compete agreement.  Galil denies all remaining allegations in Paragraph 16.

17.     Answering Paragraph 17, Galil admits only that since learning of Healthtronics, Inc.'s purchase of MACT, Galil made a business decision not to sell replacement disposable needles to MACT.  Galil denies the remaining allegations in Paragraph 17.

18.     Answering Paragraph 18, Galil admits that John Cavalline was employed by Galil from 2004 through 2010 and, on information and belief, that Mr. Cavalline is the chief operating officer and executive vice president of New England Mobile Medical Equipment, LLC.  Galil admits, on information and belief, that New England Mobile Medical Equipment, LLC has conducted cryoablation services throughout Maryland.  Galil admits having introduced New England Mobile Medical Equipment, LLC as an alternative company with the capability to perform cryoablation services in Maryland using the SeedNet or Presice systems.  Galil denies all remaining allegations in Paragraph 18.

19.     Galil denies Paragraph 19.

20.     Galil has insufficient information to admit or deny the allegations in Paragraph 20.

### III.  CAUSES OF ACTION

### Count One – Misappropriation of Trade Secrets

21.     In response to Paragraph 21, Galil incorporates herein all previous paragraphs of this Answer.

22.     Galil denies Paragraph 22.

23.     Galil denies Paragraph 23.

24.     Galil denies Paragraph 24.  To the extent Paragraph 24 states a legal conclusion, no responsive pleading is required.

### Count Two – Tortious Interference with Contract

25.     In response to Paragraph 25, Galil incorporates herein all previous paragraphs of this Answer.

26.     Galil denies Paragraph 26.

27.     Galil denies Paragraph 27.

28.     Galil denies Paragraph 28.  To the extent Paragraph 28 states a legal conclusion, no responsive pleading is required.

### Count Three – Tortious Interference with Economic Relations

29.     In response to Paragraph 29, Galil incorporates herein all previous paragraphs of this Answer.

30.     Galil denies Paragraph 30.

31.     Galil denies Paragraph 31.  To the extent Paragraph 31 states a legal conclusion, no responsive pleading is required.

**Count Four – Breach of Contract**

32.     In response to Paragraph 32, Galil incorporates herein all previous paragraphs of this Answer.

33.     Galil denies Paragraph 33.  To the extent Paragraph 33 states a legal conclusion, no responsive pleading is required.

**Count Five – Detrimental Reliance**

34.     In response to Paragraph 34, Galil incorporates herein all previous paragraphs of this Answer.

35.     Paragraph 35 states a legal conclusion to which no responsive pleading is required.

36.     Galil denies Paragraph 36.

37.     Galil denies Paragraph 37.  To the extent Paragraph 37 states a legal conclusion, no responsive pleading is required.

**Count Six – Breach of Implied Warranty of Merchantability**

38.     In response to Paragraph 38, Galil incorporates herein all previous paragraphs of this Answer.

39.     Answering Paragraph 39, to the extent the first sentence alleges legal conclusions, a factual response is not required.  However, Galil states that to the best of its knowledge, the SeedNet and Presice systems worked properly and met all warranties that may have existed.

40.     Galil denies Paragraph 40.  To the extent Paragraph 40 states a legal conclusion, no responsive pleading is required.

**AFFIRMATIVE DEFENSES**

41.     The Complaint, or some of the claims therein, fail to state a claim upon which relief can be granted.

42.     MACT failed to mitigate its damages, if any.

43.     MACT's claims are barred by the doctrines of waiver and/or estoppel.

79.     After appropriate discovery, other affirmative defenses may be applicable.  The extent to which Plaintiffs' claims may be barred by other affirmative defenses cannot be determined until Galil has had an opportunity to conduct discovery.  Galil expressly reserves the right to amend this pleading and assert any additional defenses that may be revealed during the discovery process.

WHEREFORE, Galil denies that MACT is entitled to any relief prayed for in the Complaint and Galil prays that judgment be entered dismissing the Complaint with prejudice, and awarding Galil costs and such other relief as the Court deems just and equitable.

Respectfully submitted,


    */s/ Thomas M. Wood, IV*
Thomas M. Wood, IV, Bar No. 00365
Elliott Engel, Bar No. 28299
NEUBERGER, QUINN, GIELEN,
RUBIN & GIBBER, P.A.
One South Street, 27th Floor
Baltimore, Maryland, 21202-3282
Telephone:  (410) 332-8523
Facsimile: (410) 332-8564

Todd Wind
Ted Koshiol
FREDRIKSON & BYRON, P.A.
200 South 6th Street, Suite 4000
Minneapolis, Minnesota 55402-1425
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

Attorneys for Defendant
GALIL MEDICAL, INC.

Dated: May 27, 2011

306623.1/5282.1